RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 6/10/08

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **COMPOSITE MAT SOLUTIONS, INC.** | * | **CIVIL ACTION NO. 6:07-686** |
| **VERSUS** | * | **JUDGE RICHARD T. HAIK** |
| **PSI SOUTH, INC. and SPECTRUS, INC.** | * | **MAG. JUDGE METHVIN** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JUDGMENT

Before the Court is a Motion to Remand (Doc. # 34) by Composite Mat Solutions and a Motion to Dismiss or Alternatively Motion for Summary Judgment (Doc. # 38) by Spectrus, Inc. After full review of the record and being fully advised in the premises, the Plaintiff's Motion to Remand is **GRANTED** and the Defendant's Motion to Dismiss or Alternatively Motion for Summary Judgment is **DENIED**. This Court finds that it does not have jurisdiction over the case at hand. Therefore, the above captioned case is remanded to the 15th Judicial District Court for the Parish of Lafayette, Louisiana.

Spectrus, Inc. removed this action from the 15th Judicial District Court on April 18, 2007 based on allegations of citizenship by Composite Mat Solutions, Inc. On January 15, 2008 Plaintiff filed an unopposed First Supplemental and Amending Petition to amend its name from Composite Mat Solutions, Inc. to Composite Mat Solutions, L.L.C., a Louisiana Limited Liability Company. This amendment was necessary due to a typographical error in the designation of Composite Mat Solutions L.L.C.'s entity status. On March 14, 2008, plaintiff filed a Second Supplemental and Amending Petition to change the name of the plaintiff from Composite Mat

Solutions, L.L.C. to Newpark Mats & Integrated Services, L.L.C. This motion was opposed by the defendant. On April 22, 2008 Magistrate Judge Methvin granted the motion, over the objection of defendant, on the grounds that Newpark Mats & Integrated Services, L.L.C. is the real party in interest and "the substitution of Newpark for Composite simply corrects a technical error in the complaint – the factual allegations remain the same, and Spectrus will not be prejudiced by the amendment."

On or about January 4, 2007 Composite Mat Solutions LA, LLC, SOLOCO, LA, LLC, and SOLOCO, TX, LLC merged. The new entity created from the merger is Newpark Mat & Integrated & Integrated Services, LLC, a Texas LLC. The sole member of Newpark is Newpark Resources, Inc., a Delaware Corporation. Spectrus, on the other hand, is incorporated in Delaware with its principal place of business in Tennessee.

A United States District Court has original jurisdiction under 28 U.S.C. section 1332(a)(1) only where the matter in controversy exceeds $75,000, exclusive of interests and costs, and the matter in controversy is between citizens of different states. Furthermore, according to 28 U.S.C. section 1332(c)(1):

> a "corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..."

For purposes of diversity, citizenship of a limited liability company is that of its members. *GMAC Commercial Credit, LLC v. Dillard Dept. Stores*, 357 F.3d 827 (8th Cir. 2004); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998). When a case is removed to federal court, there is a strong presumption against federal jurisdiction. A defendant who has removed a case bears the burden of proving the propriety of removal, including jurisdiction. *Gaus v. Miles.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

In the instant matter, the issue is diversity of the parties subsequent to the Second Supplemental and Amending Petition.

As noted above, Spectrus is a Delaware corporation and therefore a citizen of Delaware. The sole member of Newpark, a limited liability company, is Newpark Resources, Inc., a Delaware corporation. Because the citizenship of a limited liability company, for purposes of diversity jurisdiction, is that of its members, Newpark is also a citizen of Delaware. Thus, this case is a dispute between two Delaware citizens. Therefore, this court finds that, Spectrus cannot bear its burden of proving the propriety of removal and has failed to produce objective evidence sufficient to survive plaintiff's Motion to Remand.

**FOR THE AFOREMENTIONED REASONS,** the Plaintiff's Motion to Remand is **GRANTED.** It is **ORDERED** that this suit be Remanded to the 15th Judicial District Court of Louisiana in its entirety.

THUS DONE AND SIGNED in Lafayette, Louisiana, on the 10th day of June, 2008.

CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA